UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

RONALD L. DAVIS,

      Petitioner,

v.                                                No.: 3:12-cv-438
                                                      (VARLAN/SHIRLEY)

TONY HOWERTON, Warden,

      Respondent.

**MEMORANDUM AND ORDER**

Petitioner has filed a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated below, the respondent shall not be required to file an answer or other pleading to the petition and this petition is **DISMISSED**.

Petitioner is in the custody of the Tennessee Department of Correction and currently confined in the Morgan County Correctional Complex. He challenges the manner in which he was convicted of a disciplinary infraction which resulted in the loss of good-time credits and contributed to a one-year denial of parole consideration.

A state prisoner is entitled to habeas corpus relief "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Prisoners do not have a constitutional right to parole, good-time credit for satisfactory behavior or other forms of early release. *Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987); *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). "It is clear that state

prisoners have no federal constitutional right to parole." *Gavin v. Wells*, 914 F.2d 97, 98 (6th Cir. 1990).

Any liberty interest an inmate has in good-time credit is solely the result of state law. *Hewitt v. Helms*, 459 U.S. 460, 466 (1983). In Tennessee, sentence reduction credits may be awarded to an inmate at the discretion of the warden. "No inmate shall have the right to any such time credits, nor shall any inmate have the right to participate in any particular program, and may be transferred from one (1) assignment to another without cause." Tenn. Code Ann. § 41-21-236(a)(2)(C). Therefore, petitioner does not have a constitutionally protected liberty right to sentence reduction credits.

Questions of state law are not cognizable in a federal habeas corpus proceeding. *See Spalla v. Foltz*, 788 F.2d 400, 405 (6th Cir. 1986); *see also Estelle v. McGuire*, 112 S. Ct. 475, 480 (1991) ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state court determinations on state law questions."). Accordingly, a federal court does not have jurisdiction under §2254 to consider a claim that a state prisoner has been denied good-time credit or early release. *See Travis v. Lockhart*, 925 F.2d 1095 (8th Cir. 1991).

Petitioner is not entitled to relief in this Court under 28 U.S.C. § 2254 and there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986); *Bryan v. United States*, 721 F.2d 572, 577 (6th Cir. 1983). Because it plainly appears from the face of the petition and the annexed exhibits that petitioner is not entitled to any habeas corpus relief in this Court, the petition for the writ of habeas corpus is **DISMISSED**. Rule

4 of the Rules Governing Section 2254 Cases In The United States District Courts. The Clerk is **DIRECTED** to notify the petitioner of this Order and to close this file. A certificate of appealability **SHALL NOT ISSUE** in this action. 28 U.S.C. § 2253(c). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court hereby **DENIES** the petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure.

    **E N T E R :**

    s/ Thomas A. Varlan
    UNITED STATES DISTRICT JUDGE